Filed 4/28/21  P. v. Arriaga CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B305200 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA087810) |
| v. | |
| MARIO FRANKIE ARRIAGA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Bruce F. Marrs, Judge.  Reversed and remanded.

Deborah L. Hawkins, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Charles S. Lee and David E. Madeo, Deputy Attorneys General, for Plaintiff and Respondent.

# I. INTRODUCTION

Defendant Mario Frankie Arriaga appeals from the trial court's denial of his petition for resentencing pursuant to Penal Code[1] section 1170.95. Defendant contends the court erred by concluding that Senate Bill No. 1437 (Senate Bill 1437) and section 1170.95 were unconstitutional. The Attorney General concedes, and we agree, that the court erred. We therefore reverse and vacate the order.

# II. BACKGROUND

In 2011, a jury convicted defendant of murder (§ 187, subd. (a)), and found true the allegations that the murder was for the benefit of a criminal street gang (§ 186.22, subd. (b)(4) and a principal personally and intentionally discharged a firearm in the commission of the murder (§ 12022.53, subds. (b)–(e).) A prior panel of this division affirmed defendant's conviction. (*People v. Arriaga* (Oct. 11, 2012, B233990) [nonpub. opn.].)

On December 12, 2019, defendant filed a petition for resentencing pursuant to section 1170.95. On February 13, 2020, the trial court summarily denied defendant's resentencing petition, finding that section 1170.95 and Senate Bill 1437: unconstitutionally amended section 190 as passed by Proposition 7 in 1978; unconstitutionally amended section 189 as passed by Proposition 115 in 1990; and permitted final judgments to be vacated in violation of Article 1, section 28, subdivision (a)(6), and section 29 of the California Constitution, which provide that "'victims of crime are entitled to finality in their criminal cases,'"

---

[1]     Further statutory references are to the Penal Code.

and "'in a criminal case, the People of the State of California have the right to due process' of law."[2]

### III.  DISCUSSION

Here, the trial court denied defendant's petition on the grounds that Senate Bill 1437 and section 1170.95 are unconstitutional.  We agree with the parties and our sister courts that Senate Bill 1437 does not improperly amend Propositions 7 and 115.  (See, e.g., *People v. Solis* (2020) 46 Cal.App.5th 762, 769; *People v. Cruz* (2020) 46 Cal.App.5th 740, 747; *People v. Lamoureux* (2019) 42 Cal.App.5th 241, 246; *People v. Superior Court (Gooden)* (2019) 42 Cal.App.5th 270, 275.)  We also agree that it does not violate the rights of crime victims or the due process rights of the People of the State of California.  (See, e.g., *People v. Johns* (2020) 50 Cal.App.5th 46, 68; *People v. Bucio* (2020) 48 Cal.App.5th 300, 312–313; *People v. Lamoureux, supra*, 42 Cal.App.5th at p. 246.)  Accordingly, we reverse the denial and remand for further proceedings.  We express no opinion on the merits of defendant's section 1170.95 petition.

---

[2]    The trial court erroneously stated that defendant had been convicted of attempted murder and therefore did not qualify for resentencing.

## IV.  DISPOSITION

The order denying defendant's petition pursuant to section 1170.95 is reversed, and the matter remanded for further proceedings.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


KIM, J.


We concur:


RUBIN, P. J.


BAKER, J.